**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ALFREDO BARAJAS ZARAGOZA,**<br>**Petitioner,** | §<br>§<br>§ | |
| **v.** | § | **EP-26-CV-02192-DB** |
| **MARKWAYNE MULLIN**, *Secretary of the United States Department of Homeland Security*, *et al.*<br>**Respondents.** | §<br>§<br>§<br>§<br>§ | |

**ORDER**

On this day, the Court considered the above captioned case. On August 24, 2026, Alfredo Barajas Zaragoza ("Petitioner") filed an "Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Emergency Motion for Temporary Restraining Order and Stay of Removal," ECF No. 1, asking the Court to enjoin his removal from the United States because said removal is stayed by operation of federal statute.[1] That same day, this Court issued an order directing Respondents to show cause why the Petition should not be granted and enjoining Respondents from removing Petitioner from the United States until the Court orders otherwise or the case is closed. ECF No. 2 at 2. However, on August 27, 2026, Respondents advised Petitioner had already been removed to Mexico. ECF No. 4 at 1. Respondents conceded Petitioner had been removed in violation of 8 U.S.C. § 1229a, and thus were taking steps to "address the situation." *Id.* at 2. Considering this information, the Court ordered Respondents to provide updates every seventy-two hours describing the steps taken to effectuate Petitioner's return. ECF No. 5 at 2.

[1] Specifically, Petitioner asserts his removal is stayed pursuant to 8 U.S.C. § 1229a because he filed a motion to reopen and rescind his *absentia* order in immigration court. ECF No. 1 at 2; *see also* 8 U.S.C. § 1229a(b)(5)(C) ("The filing of [a] motion to reopen . . . shall stay the removal of the [noncitizen] pending disposition of the motion by the immigration judge.").

After several miscommunications and failed attempts to effectuate Petitioner's return, *see* ECF Nos. 6, 9–15, Petitioner filed a notice informing the Court he intends to travel from Guanajuato to Ciudad Juárez, Chihuahua at his own expense and present himself for admission at the port of entry in El Paso, Texas. He also requested the Court:

> (a) SET a telephonic status conference for the afternoon of Friday, September 18, 2026, or GRANT counsel leave to contact chambers and seek emergency relief on that date;
> (b) ORDER Respondents to file, no later than 12:00 p.m. on Thursday, September 17, 2026, a notice identifying the officer who will receive Petitioner, the location and time of presentation, and any documents Petitioner must present;
> (c) ORDER Respondents to receive and parole Petitioner upon his presentation, and CONFIRM that the Court's Order of August 24, 2026 remains in full force and effect such that, upon his return, Respondents shall not remove him, transfer him outside this Division, or relinquish custody of him absent leave of this Court; and
> (d) GRANT such other and further relief, including all remedies previously reserved, as the Court deems just and proper.

ECF No. 15 at 2, 4–5.

After due consideration of Petitioner's notice, ECF No. 15, as well as each of Respondents' status reports filed to date, the Court orders Respondents to facilitate and effectuate the return of Petitioner to the United States no later than 11:59 p.m. MDT on September 18, 2026. In facilitating Petitioner's return, Respondents shall, at a minimum, arrange for a qualified immigration officer to meet Petitioner at the port of entry and escort Petitioner into the United States. This preliminary relief is issued to restore the status quo prior to Petitioner's wrongful removal and to preserve Petitioner's access to due process in accordance with the Constitution and governing immigration statutes. Should Respondents fail to comply with the instant order, the Court is prepared to grant

Petitioner compensation and/or attorney's fees. *See e.g.*, Order Granting Motion for Sanctions, *Garcia v. Wamsley*, No. 25-CV-02092-TMC (W.D. Wash. 2026), Dkt. 47.

Accordingly, **IT IS HEREBY ORDERED** Respondents **SHALL FACILITATE AND EFFECTUATE** the return of Petitioner Alfredo Barajas Zaragoza to the United States **no later than 11:59 p.m. MDT on Friday, September 18, 2026**. In facilitating Petitioner's return, Respondents shall, at a minimum, arrange for a qualified immigration officer to meet Petitioner at the designated port of entry and escort Petitioner into the United States. This preliminary relief is issued to restore the status quo prior to Petitioner's wrongful removal and to preserve Petitioner's access to due process in accordance with the Constitution and governing immigration statutes.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory **no later than 3:00 p.m. MDT on Thursday, September 17, 2026**, identifying:

1) the location and time at which Petitioner should present himself;
2) the name and title of the assigned immigration officer who will receive Petitioner at the port of entry; and
3) any documents Petitioner will need to present to return to the United States.

**SIGNED** this **16th** day of **September 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**