**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ALFREDO BARAJAS ZARAGOZA,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | |
| | § | **EP-26-CV-02192-DB** |
| **MARKWAYNE MULLIN**, *Secretary of* | § | |
| *the United States Department of Homeland* | § | |
| *Security*, *et al.* | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered Alfredo Barajas Zaragoza's ("Petitioner") "Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Emergency Motion for Temporary Restraining Order and Stay of Removal," ECF No. 1, and "Supplemental Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241," ECF No. 22. Petitioner is currently detained at the Camp East Montana detention facility in El Paso, Texas in the Western District of Texas. ECF No. 22 at 2 ¶ 7. He argues his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 16.

Petitioner is a Mexican national who entered the United States approximately thirty-three years ago. ECF No. 22 at 3 ¶ 9, 5 ¶ 20. He lives in Kerrville, Texas with his wife and three U.S. citizen children. *Id.* at 5 ¶ 20–21. Petitioner has no criminal history aside from two misdemeanor convictions for driving under the influence and obstructing a public officer. *Id.* ¶ 22. On July 23, 2026, an immigration judge ordered Petitioner removed *in absentia*. *Id.* at 6 ¶ 26. On August 17, 2026, Immigration and Customs Enforcement ("ICE") officers arrested Petitioner and took him into immigration custody. *Id.* ¶ 25. On August 21, 2026, Petitioner moved to reopen his removal proceedings and rescind the *absentia* order, which automatically stayed his removal pending

resolution of the motion. *Id.* ¶ 27. On August 24, 2026, ICE unlawfully deported Petitioner in violation of the Immigration and Nationality Act ("INA"). *Id.* at 6 ¶ 27–28; *see also* ECF No. 4 at 2 (conceding Petitioner was removed in violation of 8 U.S.C. § 1229a). On September 16, 2026, this Court ordered Respondents to facilitate and effectuate Petitioner's return to the United States. *See* ECF No. 16. On September 21, 2026, Respondents advised the Court that Petitioner was returned to the U.S. on September 18, 2026, and is in custody at Camp East Montana. ECF No. 18 at 1. To date, Petitioner has not received an individualized hearing justifying his detention. ECF No. 22 at 10 ¶ 47. In his Supplemental Petition, Petitioner asserts that his detention violates his due process rights because he has a fundamental liberty interest in being free from official restraint and is being deprived of an individualized hearing justifying his detention. *Id.* at 9–11.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, 806 F. Supp. 3d 690 (W.D. Tex. 2025) (holding that petitioner, who was re-detained after being released on his own recognizance, was entitled to an individualized hearing justifying his detention); *Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) (holding that petitioner, who entered the United States without inspection but was later detained by immigration officials, was entitled to an individualized hearing justifying his detention); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506 (W.D. Tex. Feb. 9, 2026) (holding that petitioner, who was re-detained after being released on humanitarian parole, was entitled to an individualized hearing justifying his detention). Yet, in their response, ECF No. 20, filed on September 24, 2026, Respondents fail to discuss any of the Court's previous procedural due process decisions or offer any meaningful reasons why this case warrants a different outcome.

Instead, Respondents offer the same template arguments this Court has already rejected. *Compare* Response, ECF No. 20 *with Zafra*, 2025 WL 3239526 (rejecting Respondents' argument that Petitioner is receiving or has received due process afforded through removal proceedings in immigration court); *Hassen*, 2026 WL 446506 (rejecting Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) as a noncitizen initially placed in expedited removal proceedings, then transferred to full removal proceedings after establishing a credible fear of persecution or torture); *Morales-Quirino v. De Anda-Ybarra,* No. EP-26-CV-00323-DB (W.D. Tex. Feb. 17, 2026) (rejecting Respondents' argument that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) forecloses petitioner's procedural due process challenge); *Rodriguez v. Bondi*, No. EP-26-CV-00292 (W.D. Tex. Feb. 25, 2026) (rejecting Respondents' argument that, pursuant to the immigration entry fiction, petitioner was not entitled to due process, despite being released by DHS); *Diaz Yanez v. Noem*, No. EP-26-CV-486 (W.D. Tex. March 4, 2026) (rejecting Respondents' argument that petitioner's procedural due process claim is foreclosed by the Supreme Court's decision in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003); Order Denying Motion to Stay, *Jimenez Ravelo v. De Anda-Ybarra*, No. EP-26-CV-01892-DB (W.D. Tex. July 31, 2026), ECF No. 10 (rejecting Respondents' assertion that the Fifth Circuit's stay order, ECF No. 199, in *Sosnava Rodriguez v. Ortega*, No. 26-50183 (5th Cir. July 21, 2026) mandates this Court to cease granting any immigration habeas relief under due process principles until an *en banc* decision is rendered); *Ochoa Aldana v. De Anda-Ybarra*, No. EP-26-CV-02316 (W.D. Tex. Sept. 18, 2026) (rejecting Respondents' argument that the Fifth Circuit's stay order, ECF No. 32, in *Tolentino-Rodriguez v. Blanche*, No. 26-20424 (5th Cir.) clarifies that "the Fifth Circuit's intent

behind the application of the [*Sosnava*] stay order is precedential and should apply to other cases addressing the same legal issues."). The Court understands it is Respondents right to preserve their arguments for appeal. However, for the present purposes, they have made no new legal arguments nor any effort to distinguish the facts of this case. Therefore, the same result is warranted in this case.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), **IT IS HEREBY ORDERED** Petitioner's "Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Emergency Motion for Temporary Restraining Order and Stay of Removal," ECF No. 1, and "Supplemental Petition for Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2241," ECF No. 22, are **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL** (1) provide Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's continued detention; **OR** (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **within three (3) days** of the instant Order.[1]

**IT IS FURTHER ORDERED** that if Respondents choose to provide a bond hearing in lieu of release, Respondents **SHALL NOTIFY** Petitioner's habeas attorney, if any, of the hearing details at the earliest possible time within the confines of the deadlines set forth herein.

[1] Respondents are forewarned that a proceeding where an immigration judge denies bond for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with the instant Order. In such event, release from custody is *required*.

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory either (1) informing the Court, in detail, of the reasons for the immigration judge's bond hearing decision held in accordance with the above line order, or (2) informing the Court of Petitioner's release **within six (6) days** of the instant Order.

**IT IS FURTHER ORDERED** that if Petitioner is released from custody, Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FINALLY ORDERED** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **within two (2) weeks** of the instant Order.

SIGNED this 30th day of September, 2026.

**For HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**